UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

ROBERT DOYLE and KEVIN McCABE, Individually and on Behalf of All Others Similarly Situated,

                                                               *Plaintiffs*,

-against-

CUMULUS MEDIA INC., CUMULUS MEDIA NEW HOLDINGS INC., formerly CUMULUS MEDIA HOLDINGS INC., and RADIO LICENSE HOLDINGS LLC,

                                                              *Defendants*.

# CLASS-ACTION COMPLAINT

## INTRODUCTION

1. This case is about a deceptive sweepstakes.

2. Defendants have sought to induce people to believe that Defendants' radio-station sweepstakes involves only the station to which a given person is listening, whereas the sweepstakes instead involves hundreds of radio stations, the result of which is that the odds of winning have been a fraction of what the odds have appeared to be.

3. Plaintiffs bring this action individually, and as a class action on behalf of:

    all persons who obtained, or will obtain, while in New York or New Jersey, a sweepstakes keyword from the broadcast of a participating radio station and texted, or will text, that keyword to the designated telephone number before the announcement, on the same station, of the next keyword (the "Class").

4. Plaintiff Kevin McCabe asserts the Second Cause of Action and the Third Cause of Action individually, and on behalf of the following:

    all persons who obtained, or will obtain, while in New York, a sweepstakes keyword from the broadcast of a participating radio station and texted, or will text, that keyword to the designated telephone number before the announcement, on the same station, of the next keyword (the "New York Subclass").

5. The period during which the claims set forth herein have arisen, or will arise, is between September 24, 2017, and the resolution of this action (the "Class Period" and the "New York Subclass Period").

## JURISDICTION AND VENUE

6. This Court has jurisdiction under 28 U.S.C. Section 1332(d)(2)(A).

7. The matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs.

8. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. Section 1391(b)(2).

## PARTIES

9. Plaintiff Robert Doyle ("Doyle") is a citizen of New Jersey.

10. Plaintiff Kevin McCabe ("McCabe") is a citizen of New York.

11. Defendant Cumulus Media Inc. ("Cumulus") is a corporation organized and existing under the laws of Delaware, and maintains its principal place of business at 3280 Peachtree Road NW, Suite 2200, Atlanta, Georgia 30305.

12. Defendant Cumulus Media New Holdings Inc. ("Cumulus Media New Holdings"), formerly Cumulus Media Holdings Inc., is a corporation organized and existing under the laws of Delaware, and maintains its principal place of business at 3280 Peachtree Road NW, Suite 2200, Atlanta, Georgia 30305.

13. Defendant Radio License Holdings LLC ("Radio License Holdings") is a limited-liability company organized and existing under the laws of Delaware, and maintains its principal place of business at 3280 Peachtree Road NW, Suite 2200, Atlanta, Georgia 30305.

## FACTS

14. Cumulus, through wholly-owned direct and indirect subsidiaries ("Cumulus Subsidiaries"), has, since at least as early as September 24, 2017, owned and have operated AM and FM radio stations throughout the United States ("Cumulus Stations").

15. Cumulus Media New Holdings has been an indirect Cumulus Subsidiary since at least as early as September 24, 2017.

16. Cumulus Media New Holdings, through wholly-owned direct and indirect subsidiaries, has, since at least as early as September 24, 2017, owned and have operated the Cumulus Stations.

17. Radio License Holdings has been an indirect Cumulus Subsidiary since at least as early as September 24, 2017.

18. Radio License Holdings has, since at least as early as September 24, 2017, owned and have operated approximately 25 Cumulus Stations ("Radio License Holdings Stations").

19. WABC-770 AM ("WABC") is a Radio License Holdings Station.

20. The listening area of WABC has, since at least as early as September 24, 2017, included the Eastern District of New York.

21. Cumulus and Cumulus Subsidiaries have operated a sweepstakes whose title, in part or in full, has been, at all times, "$1,000 Giveaway" (the "Sweepstakes"), from approximately September 24, 2017, to approximately November 10, 2017 (the "First Sweepstakes Period"), from approximately March 29, 2018, to approximately May 23, 2018 (the "Second Sweepstakes Period"), and from approximately July 19, 2018 through the commencement of this action (the "Third Sweepstakes Period").

22. The Sweepstakes has been conducted, at all times, on approximately 273 to 372 Cumulus Stations (the "Sweepstakes Stations").

23. When the Sweepstakes is being conducted, each Sweepstakes Station states that it will announce, on air (that is, "broadcast," which, as both a verb and a noun, refers to on-air content), a word (the "Keyword") at approximately 9:00 am, 12:00 pm, 3:00 pm, and/or 6:00 pm. Eastern Time on Mondays through Fridays (the "Keyword Announcement").

24. Each Keyword Announcement states that listeners could text the Keyword to a particular short code (the "Applicable Short Code") in order to enter into the iteration of the Sweepstakes to which the Keyword Announcement pertains (the "Sweepstakes Segment").

25. Each Keyword Announcement states that the Sweepstakes is "on" the Sweepstakes Station on which the Keyword Announcement is made.

26. Each Keyword Announcement states that there will be one winner of the corresponding Sweepstakes Segment.

27. Each Keyword Announcement states that the winner of the corresponding Sweepstakes Segment will win one thousand dollars.

28. Each Keyword Announcement states that message and data rates might apply to a person's texting of the Keyword to the Applicable Short Code and to the receiving of any responsive text messages.

29. The Applicable Short Code during the First Sweepstakes Period was 62582.

30. The Applicable Short Code during the Second Sweepstakes Period was 95819.

31. The Applicable Short Code during the Third Sweepstakes Period has been 95819.

32. Defendants derive value from each Sweepstakes entry because the number of such entries provides an indication of the number of listeners at the time that a given Keyword Announcement is made.

33. Defendants derive value from each Sweepstakes entry because the number of such entries provides an indication of the relative size of a station's audience at the time of one Keyword Announcement compared with the time of another Keyword Announcement.

4

34. Defendants derive value from each Sweepstakes entry because the number of such entries is as an indication of listeners' interest in Defendants' Sweepstakes Stations.

35. Defendants derive value from each Sweepstakes entry because Defendants can report, to advertisers, the information described in paragraphs "32," "33," and "34."

36. None of the Sweepstakes Stations have broadcasted, at any time, a statement that there are multiple Sweepstakes Stations.

37. None of the Sweepstakes Stations have broadcasted, at any time, a statement that the winner of a Sweepstakes Segment would be selected from persons who had obtained the Keyword from among multiple Sweepstakes Stations.

38. None of the Sweepstakes Stations have broadcasted, at any time, a statement that there are any rules, terms, or conditions ("Rules") of the Sweepstakes other than the Rules that are described in paragraphs "23" through "28" inclusive.

39. Upon information and belief, Cumulus Media and Cumulus Media New Holdings have required the Sweepstakes Stations to state, during the Keyword Announcements, that the Sweepstakes is "on" the Sweepstakes Station on which the Keyword Announcement is made.

40. Upon information and belief, Cumulus Media and Cumulus Media New Holdings have prohibited the Sweepstakes Stations from broadcasting, at any time, a statement that there are multiple Sweepstakes Stations.

41. Upon information and belief, Cumulus Media and Cumulus Media New Holdings have prohibited the Sweepstakes Stations from broadcasting, at any time, a statement that the winner of a Sweepstakes Segment would be selected from persons who had obtained the Keyword from among multiple Sweepstakes Stations.

42. Upon information and belief, Cumulus Media and Cumulus Media New Holdings have prohibited the Sweepstakes Stations from broadcasting, at any time, a statement that there are any Rules of the Sweepstakes other than the Rules that the Sweepstakes Stations have broadcasted and that are described paragraphs "23" through "28" inclusive.

43. Based upon the broadcasted content, including the Keyword Announcements, that have pertained to the Sweepstakes (the "Sweepstakes Content"), it would have been reasonable for a listener to Sweepstakes Content on a given Sweepstakes Station to believe that the Sweepstakes was being conducted only on that Sweepstakes Station.

44. Based upon the Sweepstakes Content, it would have been reasonable for a listener to Sweepstakes Content on a given Sweepstakes Station to believe that the winner of a Sweepstakes Segment would be selected from persons who had obtained the Keyword from that Sweepstakes Station.

45. The likelihood that an entrant in a Sweepstakes Segment would be a winner has been a fraction of what that likelihood would have been if the Sweepstakes Segment had been conducted solely by the Cumulus Station from which the entrant had obtained the Keyword.

46. On or about May 17, 2018, Doyle, while located in New Jersey, listened to a Keyword Announcement on WABC (the "Doyle Keyword Announcement").

47. Within one hour of the Doyle Keyword Announcement, Doyle texted, to the Applicable Short Code, the Keyword that is identified in the Doyle Keyword Announcement ("Doyle's Entry").

48. Immediately upon Doyle's Entry, Doyle received a text message that stated: "Sorry! This keyword entry has expired. Keep listening this week for new keywords. Text them in to win!"

49. On or about May 18, 2018, McCabe, while located in the Eastern District of New York, listened to a Keyword Announcement on WABC (the "McCabe Keyword Announcement").

6

50. Within several minutes of the McCabe Keyword Announcement, McCabe texted, to the Applicable Short Code, the Keyword that is identified in the McCabe Keyword Announcement ("McCabe's Entry").

51. Immediately upon McCabe's Entry, McCabe received a text message that stated: "Ur entered to win $1,000 dollars! Keep listening today for the next keyword to enter again! Watch for a call from 515-253-0927 if ur the winner this hour!"

52. The Doyle Keyword Announcement and the McCabe Keyword Announcement described the Keyword as the "National Keyword."

53. On the internet, audio simulcasts ("Internet Simulcasts") of most or all of the broadcasting of most or all of the Sweepstakes Stations have been streamed since at least as early as September 24, 2017.

54. WABC has had an Internet Simulcast since at least as early as September 24, 2017.

55. The Internet Simulcasts have, since at least as early as September 24, 2017, been accessible nationwide.

## AS AND FOR A FIRST CAUSE OF ACTION

56. Plaintiffs repeat and reallege each and every allegation contained in paragraphs "1" through "55" inclusive as if fully set forth herein.

57. Defendants have been unjustly enriched by retaining, against equity and good conscience, the benefits that Plaintiffs and the other Members of the Class have conferred upon Defendants by entering into a Sweepstakes Segment.

58. As a result of Defendants' unjust enrichment, Defendants should be required to make restitution to Plaintiffs and the other Members of the Class.

## AS AND FOR A SECOND CAUSE OF ACTION

59. McCabe repeats and realleges each and every allegation contained in paragraphs "1" through "45" inclusive and "46" through "48" inclusive as if fully set forth herein.

60. Defendants, with respect to the New York Subclass Members, have violated New York General Business Law ("GBL") Section 349, thereby entitling each New York Subclass Member, pursuant to GBL Section 349(h), to $50 per violation, injunctive relief against future violations, and reasonable legal fees.

## AS AND FOR A THIRD CAUSE OF ACTION

61. McCabe repeats and realleges each and every allegation contained in paragraphs "1" through "45" inclusive and "46" through "48" inclusive as if fully set forth herein.

58. Defendants, with respect to the New York Subclass Members, have violated GBL Section 350, thereby entitling each New York Subclass Member, pursuant to GBL Section 350-e(3), to $500 per violation, injunctive relief against future violations, and reasonable legal fees.

## CLASS ALLEGATIONS

62. This action is brought pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure.

63. The Class Members are so numerous that joinder of all of them is impracticable.

64. The New York Subclass Members are so numerous that joinder of all of them is impracticable.

65. There are, upon information and belief, at least 50,000 Class Members whose claims are similar to the claims that Plaintiffs assert as their First Cause of Action; and, furthermore, Plaintiffs' First Cause of Action is typical of the First Cause of Action of the other Class Members.

66. There are, upon information and belief, at least 50,000 New York Subclass Members whose claims are similar to the claims that McCabe asserts as his Second Cause of Action and Third

8

Cause of Action; and, furthermore, McCabe's Second Cause of Action and Third Cause of Action are typical of the Second Cause of Action and Third Cause of Action of the other New York Subclass Members.

67. Plaintiffs will fairly and adequately protect the interests of the Class. Plaintiffs have no interests that are antagonistic to, or in conflict with, the other Members of the Class. Indeed, Plaintiffs' interests are, for purposes of this litigation, coincident with the interests of the other Class Members.

68. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy. Because the Class and New York Subclass are each so numerous that joinder of all the Class Members and New York Subclass Members is impracticable, and because the damages sustained by most of the individual Class Members and New York Subclass Members are too small to render prosecution of the claims asserted herein economically feasible on an individual basis, the expense and burden of individual litigation makes it impractical for all of the Class Members and New York Subclass Members to adequately address the wrongs complained of herein. Plaintiffs know of no impediments to the effective management of this action as a class action.

69. Common questions of law and fact predominate over questions that affect only individual Class Members and New York Subclass Members. Among these questions are:

> (i) whether the Sweepstakes Stations state, during the Keyword Announcements, that the Sweepstakes is "on" the Sweepstakes Station on which the Keyword Announcement is made;
>
> (ii) whether the Sweepstakes Stations state, during the Keyword Announcements, that the Sweepstakes is being conducted on multiple Sweepstakes Stations;
>
> (iii) whether the Sweepstakes Stations have broadcasted, at any time, a statement that the Sweepstakes is being conducted on multiple Sweepstakes Stations;

9

(iv) whether the Sweepstakes Stations have broadcasted, at any time, a statement that the winner of a Sweepstakes Segment would be selected from persons who had obtained the Keyword from among multiple Sweepstakes Stations;

(v) whether the broadcast content of the Sweepstakes Stations have stated, at any time, that there are any rules, terms, or conditions of the Sweepstakes other than the rules, terms, or conditions that the Sweepstakes Stations have broadcasted;

(vi) whether Cumulus Media and Cumulus Media New Holdings have required the Sweepstakes Stations to state, during the Keyword Announcements, that the Sweepstakes is "on" the Sweepstakes Station on which the Keyword Announcement is made;

(vii) whether Cumulus Media and Cumulus Media New Holdings have prohibited the Sweepstakes Stations from broadcasting, at any time, a statement that there are multiple Sweepstakes Stations;

(viii) whether Cumulus Media and Cumulus Media New Holdings have prohibited the Sweepstakes Stations from broadcasting a statement that the winner of a Sweepstakes Segment would be selected from persons who had obtained the Keyword from among multiple Sweepstakes Stations;

(ix) whether Cumulus Media and Cumulus Media New Holdings have prohibited the Sweepstakes Stations from broadcasting a statement that there are any rules, terms, or conditions of the Sweepstakes other than the rules, terms, or conditions that the Sweepstakes Stations have broadcasted;

(x) whether it would have been reasonable for a listener to Sweepstakes Content on a given Sweepstakes Station to believe that the Sweepstakes was being conducted only on that Sweepstakes Station; and

(xi) whether it would have been reasonable for a listener to Sweepstakes Content on a given Sweepstakes Station to believe that the winner of a Sweepstakes Segment would be selected from persons who had obtained the Keyword from that Sweepstakes Station.

**[continued on next page]**

## **PRAYERS FOR RELIEF**

**WHEREFORE**, Plaintiffs demand judgment against Defendants:

(a) Awarding, to Plaintiffs and the other Members of the Class, damages equal to that amount by which Defendants were unjustly enriched;

(b) Pursuant to New York General Business Law Section 349(h), awarding, to Plaintiff Kevin McCabe and the other Members of the New York Subclass, $50 per violation of New York General Business Law Section 349;

(c) Pursuant to New York General Business Law Section 349(h), awarding, to Plaintiff Kevin McCabe and the other Members of the New York Subclass, injunctive relief against future violations of York General Business Law Section 349;

(d) Pursuant to New York General Business Law Section 349(h), awarding, to Plaintiff Kevin McCabe and the other Members of the New York Subclass, reasonable legal fees;

(e) Pursuant to New York General Business Law Section 350-e(3), awarding, to Plaintiff Kevin McCabe and the other Members of the New York Subclass, $500 per violation of New York General Business Law Section 350;

(f) Pursuant to New York General Business Law Section 350-e(3), awarding, to Plaintiff Kevin McCabe and the other Members of the New York Subclass, injunctive relief against future violations of York General Business Law Section 350;

(g) Pursuant to New York General Business Law Section 350-e(3), awarding, to Plaintiff Kevin McCabe and the other Members of the New York Subclass, reasonable legal fees; and

**[continued on next page]**

  (h)  Awarding, to Plaintiffs and the other Members of the Class and New York Subclass, costs and disbursements.

Dated: August 17, 2018

                Respectfully submitted,

                 *s/ Todd C. Bank*
                TODD C. BANK
                 ATTORNEY AT LAW, P.C.
                119-40 Union Turnpike
                Fourth Floor
                Kew Gardens, New York 11415
                (718) 520-7125
                By Todd C. Bank

                *Counsel to Plaintiffs*